## Keyes v. Schumm.

*Negotiable instruments — Promissory note — Payment before maturity—Collateral.*

Payment of a note can only be made before maturity by consent of both debtor and creditor; hence, where the creditor refuses to accept payment and the debtor thereby loses the opportunity to sell the collateral to advantage, he has no right of action against the creditor.

*Assumpsit.* Affidavit of defence raising questions of law. C. P. Berks Co., March T., 1924, No. 28.

*George Eves,* for plaintiff; *Edgar S. Richardson,* for defendant.

BERTOLET, J.—The plaintiff avers in his statement that the defendant was the payee and holder of a note of which the plaintiff was the maker, dated Nov. 27, 1923, and payable at the Northeastern Trust Company, of Reading, Pa., sixty days after date; that certain shares of stock were put up by him as collateral security for the payment of the note; that the defendant agreed to return the stock upon payment of the note (see Exhibit "A"); that on Dec. 29, 1923, the plaintiff tendered payment of the note, with interest, to the trust company and demanded return of the collateral, but was informed that neither the note nor the collateral were then in the trust company's possession; that several times before and on Jan. 16, 1924, the plaintiff tendered payment of the note to the defendant and his attorney and made demand for the collateral; that the defendant and his attorney refused to accept payment and deliver up the collateral; that because of defendant's failure to deliver up the collateral the plaintiff was prevented from accepting a *bona fide* offer of $25,000 to buy the stock, conditioned upon its delivery on or before Jan. 16, 1924; that the defendant had notice of the offer; that the stock became worthless, due to the company's insolvent condition, and, as a result of the defendant's conduct, he has sustained damages in the above amount.

The defendant has filed an affidavit of defence raising questions of law, saying that the plaintiff's statement shows no cause of action, because it shows no right in the plaintiff to pay the note before maturity, *i. e.,* before Jan. 27, 1924, or obligation on the part of the defendant to accept payment, and, therefore, no right to a return of the hypothecated stock before that time, but that, on the contrary, under the agreement between the parties (Exhibit "B" of plaintiff's statement), dated the same day as the note, it was expressly understood that the plaintiff should pay the note at maturity, after which the defendant should redeliver the stock held as security; that as the plaintiff had neither possession nor right to possession of the stock when he received the alleged offer to buy it, conditioned on delivery not later than Jan. 16th, he was not in a position to execute a sale, and that, therefore, the defendant cannot in law be held responsible for the plaintiff's alleged loss so arising.

Payment of the note can only be made before maturity by consent of both debtor and creditor: 2 Daniel on "Negotiable Instruments," 1391; and at page 1394, "if the debtor, from the prospect of some benefit by the rate of exchange or otherwise, should offer payment before the term arrives, the creditor is not bound to take it, since the term of payment is a condition of the bill or note fixed equally for the behoof of both parties." To like effect are Thompson on Bills, 246; Story on Bills, 415, and Byles on Bills (Sharswood Edition), 356. In 8 Corpus Juris, § 840, page 603, it is said that the maker of a note has no right to pay it before maturity without the consent of the holder, and that the latter may decline payment tendered before maturity.

Keyes v. Schumm.

The owner of notes made to mature at fixed dates, not on or before such dates, has the right to decline to receive payment thereof before the time fixed for their maturity: Burns v. True, 24 S. W. Repr. 338; and in Kelly v. Collins, 56 S. W. Repr. 997, it was said: "It appears that the note, while payable at the bank, was not mature at the time the tender was made, and, of course, the payee of a note cannot be compelled to accept the sum expressed therein until it is due. Consequently, the tender in this case was not a legal tender."

Given the defendant's right to decline to receive payment of his note before Jan. 27, 1924, his right to refuse redelivery to the plaintiff of the security put up with it follows, and if the defendant owed the plaintiff no such duty, he cannot be held responsible for the plaintiff's alleged loss.

The questions of law raised by the defendant's affidavit of defence must be and are decided in favor of the defendant, and judgment is accordingly entered against the plaintiff.

From Wellington M. Bertolet, Reading, Pa.